

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2004

# Alvares v. Montell USA Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2271

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Alvares v. Montell USA Inc" (2004). *2004 Decisions.* Paper 585.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/585

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2271
_____

WINSOM J. ALVARES,

Appellant

v.

MONTELL USA INC., a Foreign Corporation, MONTELL USA INC., Plan
Administrator of LTD and STD Plan,
MONTELL LONG-TERM DISABILITY PLAN, and MONTELL SHORT-TERM
DISABILITY PLAN

On Appeal from the United States District Court
for the District of Delaware

District Court Judge: The Honorable Joseph J. Farnan, Jr.
(D.C. Civil No. 01-cv-00072)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 22, 2004

Before: FUENTES, SMITH and GIBSON,[*] Circuit Judges.

(Filed: June 23, 2004)

_____

[*] The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

OPINION OF THE COURT

Fuentes, Circuit Judge:

This case involves a claim for short and long term disability benefits subject to the Employee Retirement Income Security Act ("ERISA"). Winsom Alvares began her employment with Montell USA, Inc. ("Montell") in November 1988. In 1994, she requested a four-day per week work schedule because she suffered from fibromyalgia. Montell accommodated this request by allowing her to work 32 hours per week and to be paid 80% of the salary she would have earned working a 40-hour week.

In 1998, Alvares was terminated after Montell downsized and eliminated her position. Montell notified her in March 1998 that she would be terminated on June 30, 1998. By mutual agreement, Alvares ceased working for Montell on June 8, 1998, but was paid through June 30, 1998.

On June 26, 1998, Alvares submitted an application for short and long term disability benefits, which Montell denied on October 1, 1998. Subsequently, Alvares filed suit in the United States District Court. In order to avoid a one-year statute of limitations defense in Delaware, Alvares filed her action in the Eastern District of Pennsylvania. However, the action was transferred to the District of Delaware. Alvares claimed that Montell owed her short term disability benefits for the one day each week

(Wednesday) that she did not work between 1994 and 1998 because of her fibromyalgia. Alvares also argued that she was totally disabled as of June 26, 1998 and therefore should receive long term disability benefits. Alvares and Montell filed cross-motions for summary judgment. On November 25, 2002, the District Court denied Alvares' motion for summary judgment and granted Montell's, holding that Alvares had no right to the disability benefits claimed and that, in any event, her claim was time barred. The District Court subsequently denied Alvares' Rule 59 Motion for Reconsideration. Thereafter, Alvares appealed to this Court.

We review a district court's grant of summary judgment <u>de novo</u>. After carefully reviewing the record, we agree with the District Court's thorough and well-reasoned opinion. We therefore affirm.

I.

To be eligible under Montell's short term disability plan, an employee must show that she is "unable to work because of sickness or injury." App. at 103. To be eligible for long term disability, an employee must show that she suffered "six months of continuous disability." <u>Id.</u> On appeal, Alvares argues that her fibromyalgia qualifies as a disability[1] and that her reduced work load for four years satisfies the eligibility requirements under both of these plans. However, Montell counters that Alvares failed to satisfy the

---

[1] Alvares cites <u>Rodriguez v. McGraw-Hill Cos. LTD Plan</u>, 297 F. Supp. 2d 676, 679 (SDNY 2004), to support her argument that fibromyalgia is a medically determinable disability despite the lack of an objective diagnostic test for the condition.

prerequisites for either short or long term disability benefits because she was able to continue working with her condition and retained full-time status according to her accommodated schedule of 32 hours per week.

In addition, Montell contends that coverage under both the short term and long term disability plans ended when Alvares' employment ended on the agreed upon date of June 8, 1998. Therefore, Montell asserts that Alvares' June 26, 1998 filing was too late to allow her to qualify for benefits.

## II.

Montell's short term disability plan provides lost compensation to employees for those regularly scheduled work days on which they are unable to work because of sickness or disability. Alvares claims that her reduction in hours and pay was attributable to a disability and, therefore, should have been compensable under Montell's short term disability plan. However, because Wednesdays were not regular work days for Alvares under her accommodated work schedule, she did not lose compensation on Wednesdays. Further, Alvares never claimed that her reduced work schedule constituted a disability until after she was terminated for unrelated reasons.

Montell's short term disability plan does provide coverage for employees working less than a 40-hour week. App. at 104. However, the employee must demonstrate that she is "unable to work because of sickness or injury," in which case the plan "replaces 66 2/3 % to 100% of [her] Basic Monthly Earnings . . . for up to six months of disability."

4

App. at 103. Thus, the purpose of the plan is to replace lost income from short term absences during which an employee is unable to work due to illness or injury. We agree with the District Court that Alvares was not "unable to work because of sickness or injury," but that she only worked 32-hour weeks because this was the schedule to which she and Montell agreed. Dist. Ct. Op. at 6. Because Alvares was only scheduled to work 32 hours per week and her income was based on this schedule, she did not lose any income. She was, therefore, not eligible to have any income replaced through Montell's short term disability plan.

In addition, we agree that Alvares' claim for benefits due to her reduced work schedule that began in 1994 is time barred by Delaware's one-year statute of limitations. 10 Del.C. § 8111. Alvares' claim for disability benefits arose in 1994, but she did not file her claim until June 1998. Alvares cites VanDusen v. Barrack, 376 U.S. 612 (1964), in which a transferee district was obligated to apply the state law that would have applied had there been no change of venue, to argue that the District Court should have applied Pennsylvania's three-year statute of limitations. However, even if this were the case here, Alvares' claim is equally time barred under Pennsylvania's statute.

As to long term disability, Alvares is similarly unable to show that there was a six month period in which she was unable to perform her job. She was still capable of working 32 hours per week and therefore did not suffer a period of "continuous total disability" as the plan requires. App. at 103. As the District Court points out, "[i]t is

5

uncontested that, after 1994, [Alvares'] job was to work her 32 scheduled hours per week and that she did so until her termination in 1998." Dist. Ct. Op. at 6. Alvares never identified a claimed period of continuous total disability to the District Court and she does not attempt to claim in this Court that she was continuously and totally disabled for six months. We therefore agree that Alvares failed to meet the prerequisites for eligibility under Montell's long term disability plan.

Finally, we agree with the District Court's holding that Alvares is ineligible for either short or long term disability because her coverage under the plans ended before she applied for benefits. Montell's disability plans provide that in order to be eligible for benefits one must be currently employed with Montell. App. at 104. Therefore, an employee's disability coverage ends when her employment ends. Alvares' employment ended on June 8, 1998 by her agreement with Montell, despite the fact that she was paid until June 30, 1998. We agree with the District Court that because her employment ended on June 8, 1998, her coverage also ended on this date. Therefore, her application for benefits on June 26, 1998 occurred outside her coverage period, making her ineligible for the claimed benefits.

Accordingly, for the reasons stated above, we affirm the opinion of the District Court.